J-S24042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSEPH GEORGE SABATOSE | : | |
| Appellant | : | No. 1455 WDA 2025 |

Appeal from the PCRA Order Entered October 9, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000047-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSEPH GEORGE SABATOSE | : | |
| Appellant | : | No. 1456 WDA 2025 |

Appeal from the PCRA Order Entered October 9, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000159-2016

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED: July 20, 2026**

Appellant, Joseph George Sabatose, appeals from the order entered in the Court of Common Pleas of Clearfield County denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545, at two separate lower court docket numbers: CP-17-CR-0000047-2022 ("47-

_____

[*] Former Justice specially assigned to the Superior Court.

2022") and CP-17-CR-0000159-2016 ("159-2016"). After our careful review, we affirm.

The relevant facts and procedural history are as follows: On March 4, 2016, at lower court docket number 159-2016, the Commonwealth filed an Information charging Appellant with, *inter alia*, criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(i), and on October 13, 2016, Appellant entered an open negotiated guilty plea to the charge of criminal trespass.[1] On December 22, 2016, the trial court sentenced Appellant to ninety days to one year in prison to be followed by two years of probation. Appellant began his incarceration on December 27, 2016, and on March 27, 2017, Appellant was paroled as to docket number 159-2016.

On October 25, 2017, the Commonwealth filed a petition to revoke Appellant's parole, and on December 18, 2017, the trial court granted the petition. Appellant's initial sentence remained in effect, except the trial court directed that Appellant could not seek parole for thirty days. The trial court gave Appellant credit for time served. On January 3, 2018, Appellant was again paroled as to docket number 159-2016.[2]

---

[1] The Commonwealth also charged Appellant with burglary, theft by unlawful taking, and receiving stolen property. 18 Pa.C.S.A. § 3502, 3921, and 3925, respectively. However, pursuant to the negotiated guilty plea, the Commonwealth withdrew these charges.

[2] We note that, although in the December 18, 2017, order, the trial court sought to prevent Appellant from seeking parole for thirty days, Appellant was paroled soon thereafter, on January 5, 2018.

Thereafter, while serving the probationary term of his initial sentence, the Commonwealth filed a petition to revoke Appellant's probation on May 12, 2020, for new criminal charges unrelated to the case *sub judice*. On May 22, 2020, the trial court ordered Appellant to be detained pending disposition of the revocation petition. On September 28, 2020, the trial court revoked Appellant's probation and re-sentenced Appellant to 146 days to one year in prison, to be followed by one year of probation. On September 29, 2020, Appellant was again paroled as to docket number 159-2016.

On August 25, 2021, the Commonwealth filed a petition to revoke Appellant's probation for new charges unrelated to the case *sub judice*.[3] On December 20, 2021, the trial court revoked Appellant's probation and re-sentenced Appellant to 120 days to 1 year in prison, to be followed by three years of probation. On April 18, 2022, as to docket number 159-2016, Appellant was paroled for the remainder of his December 20, 2021, sentence: eight months and one day in prison.

Meanwhile, on February 3, 2022, at lower court docket number 47-2022, the Commonwealth filed an Information charging Appellant with theft by deception, 18 Pa.C.S.A. § 3922(a)(1). On March 29, 2022, Appellant pled

---

[3] The trial court set September 27, 2021, as the date for a violation of probation hearing. Appellant failed to appear on September 27, 2021, and, thus, the trial court issued a bench warrant for Appellant's arrest. On November 30, 2021, the trial court lifted the bench warrant after determining Appellant was incarcerated in the Jefferson County jail on charges unrelated to the case *sub judice*.

- 3 -

guilty to the offense, and on that same date, the trial court sentenced Appellant to thirty days to one year in prison, to be served consecutively to the sentence imposed at docket number 159-2016, plus a concurrent period of three years' probation. On May 17, 2022, Appellant was paroled as to docket number 47-2022.

On January 10, 2023, the Commonwealth filed a revocation petition at docket number 47-2022,[4] and on February 24, 2023, the Commonwealth amended the petition. On February 28, 2023, the trial court ordered Appellant to be detained pending a hearing, and on August 1, 2023, the Commonwealth filed another amended petition to revoke. The trial court set a violation of probation hearing date of August 28, 2023, as to docket number 47-2022.

Meanwhile, because of the theft by deception conviction at docket number 47-2022, the Commonwealth filed a petition to revoke Appellant's probation for docket number 159-2016. The trial court set a violation of probation hearing date of August 28, 2023, as to docket number 159-2016.

On August 28, 2023, as to docket number 159-2016, the trial court revoked Appellant's probation and re-sentenced him to one year to five years in prison. The trial court's order specifically indicated that "Defendant be given time credit consistent with Court Commitment Form DC300B." Trial Court

---

[4] The trial court set the violation of probation hearing date as January 16, 2023. Appellant failed to appear, and, thus, the trial court issued a bench warrant for Appellant's arrest; however, the warrant was lifted after the sheriff discovered Appellant was in the Clearfield County Jail.

Order, filed 9/5/23, at 2. Further, on August 28, 2023, as to docket number 47-2022, the trial court revoked Appellant's probation and re-sentenced Appellant to six months to five years in prison, to be served concurrently to the sentence at docket number 159-2016. Appellant filed neither a post-sentence motion nor an appeal for either docket number.

On January 17, 2024, at both docket number 159-2016 and 47-2022, represented by Public Defender Jendi N. Schwab, Esquire, Appellant filed a "Motion to Correct State Commitment Form DC300B." In his motion, Appellant alleged his August 28, 2023, revocation sentence was illegal because he did not receive credit for all time served. Specifically, he indicated the trial court erred in failing to designate over a year of additional time as credit for time served on docket number 159-2016. Appellant requested the trial court hold an evidentiary hearing to determine whether he was entitled to additional credit for time served.

On February 27, 2024, the trial court held a hearing at which Attorney Schwab argued that Appellant was entitled to credit for additional time served, and to the extent the trial court's August 28, 2023, sentence did not provide Appellant with all credit to which he was entitled, the sentence was improper. By order entered on March 4, 2024, the trial court denied Appellant's "Motion to Correct State Commitment Form DC300B." The trial court concluded it gave Appellant the correct credit for time served as reflected on Commitment

Form DC300B. Appellant did not file an appeal from the trial court's March 4, 2024, order.

On November 20, 2024, Appellant filed a *pro se* PCRA petition at each lower court docket number,[5] and the PCRA court appointed counsel to represent Appellant. Counsel filed an amended PCRA petition averring that (1) the lower court should have treated the January 17, 2024, "Motion to Correct State Commitment Form DC300B" under the auspices of the PCRA; (2) Attorney Schwab was ineffective in failing to consult with and advise Appellant of his right to file an appeal from the trial court's March 4, 2024, order, which denied his "Motion to Correct State Commitment Form DC300B;" and (3) the lower court erred in failing to advise Appellant of his right to file an appeal from the March 4, 2024, order as is directed by Pennsylvania Rule of Criminal Procedure 908(E), pertaining to PCRA orders.

On July 9, 2025, the PCRA court held an evidentiary hearing at which Appellant and his counsel were present. By order and opinion filed on October 9, 2025, the PCRA court denied Appellant's PCRA petition. On November 7, 2025, Appellant filed a separate, counseled notice of appeal at each lower

---

[5] Appellant was incarcerated when he filed his *pro se* PCRA petition. Thus, although the *pro se* PCRA petition was docketed at each lower court docket number on November 25, 2024, we shall deem it to have been filed on November 20, 2024, the date of the stamp on the envelope in which the PCRA petition was mailed through the PA Department of Corrections. **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011) (holding the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

court docket number, and this Court *sua sponte* consolidated Appellant's appeals. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues in his "Statement of Questions Presented" (verbatim):

(1) Whether the PCRA court erred in denying [Appellant's] Petition for Post-Conviction Relief claim for ineffective assistance of counsel for counsel's failure to consult with and advise [Appellant] about his right to appeal the PCRA court's order dated February 29, 2024, and filed March 4, 2024?

(2) Whether the PCRA court erred in denying [Appellant's] Petition for Post-Conviction Relief where the PCRA court's February 29, 2024, order failed to comply with Pa.R.Crim.P. 908(e)?

Appellant's Brief at 7 (suggested answers omitted).

At the outset, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

In the case *sub judice*, there is no dispute that Appellant filed a *pro se* PCRA petition, which is the subject of the instant appeal, on November 20, 2024. Therein, Appellant sought the reinstatement *nunc pro tunc* of his right to appeal the March 4, 2024, order denying his "Motion to Correct State Commitment Form DC 300B." Notably, in his "Motion to Correct State

- 7 -

Commitment Form DC 300B," despite its title, Appellant raised claims challenging the legality of the trial court's failure to award appropriate credit for time served when it imposed sentence following the revocation of his probation.  Thus, we agree with Appellant that his "Motion to Correct State Commitment Form DC 300B" constituted a first, counseled PCRA petition. **See Commonwealth v. Wheeler**, 314 A.3d 1286 (Pa.Super. 2024) (where a petitioner challenges the trial court's alleged failure to award appropriate credit for time served as required by law, the petitioner presents a legality of sentencing claim, which is cognizable under the PCRA).

Accordingly, Appellant's November 20, 2024, *pro se* PCRA petition, which is the subject of the instant appeal in which Appellant seeks the restoration of his appeal rights from the March 4, 2024, order, is properly deemed a second PCRA petition. **See Commonwealth v. Pearson**, 320 A.3d 1224 (Pa.Super. 2024) (holding a petitioner seeking the restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition, and all request for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA).  Thus, we must determine whether Appellant timely filed his November 20, 2024, PCRA petition so as to invoke the court's jurisdiction. **See Commonwealth v. James**, 69 A.3d 180 (Pa. 2013) (holding the appellate court may raise the issue of jurisdiction *sua sponte*); **Commonwealth v. Geer**, 936 A.2d 1075 (Pa.Super. 2007) (holding a petition seeking the reinstatement of a

petitioner's PCRA appellate rights must be timely submitted under the strictures of the PCRA).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. §

9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

Here, after the trial court revoked Appellant's probation and re-sentenced Appellant at both docket numbers on August 28, 2023, Appellant filed neither post-sentence motions nor a direct appeal. Thus, his judgment of sentence became final thirty days later, on September 27, 2023, when the time for filing a direct appeal to this Court expired.[6] *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year, or until approximately September 27, 2024, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). However, Appellant filed the instant PCRA petition on November 20, 2024, and consequently, it is facially untimely.

As such, we cannot address the merits of Appellant's November 20, 2024, PCRA petition unless he meets one of the timeliness exceptions set forth

---

[6] This Court has held that collateral review under the PCRA is applicable to probation revocation issues, including legality of sentencing. *See Commonwealth v. Cruz*, 355 A.3d 1 (Pa.Super. 2026). In determining timeliness, we have held "that where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under [Section] 9545(b)(3) to any issues directly appealable from that hearing." *Id.* at 6 (citation omitted).

*supra*. Appellant did not plead or prove the applicability of any timeliness exception in his November 20, 2024, PCRA petition. Having failed to plead or prove an applicable timeliness exception to the PCRA's one-year time bar, we conclude the PCRA court would have lacked jurisdiction to restore Appellant's first PCRA appellate rights *nunc pro tunc* via the November 20, 2024, PCRA petition.

We note that Appellant argues there was a breakdown in the PCRA court when it denied the January 17, 2024, "Motion to Correct State Commitment Form DC300B," which should have been treated as Appellant's first PCRA petition. Specifically, Appellant avers that, when the lower court issued the March 4, 2024, order denying Appellant's first PCRA petition, the court failed to advise Appellant of his "right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed,"[7] as required by Pa.R.Crim.P. 908(E). Thus, Appellant avers that he was not informed he could appeal from the court's March 4, 2024, order, which denied his first PCRA petition, or that he had thirty days within which to do so. Consequently, Appellant contends that we should permit him to appeal from the denial of his first PCRA petition *nunc pro tunc*.

---

[7] We also note that Appellant was not notified of his rights at the close of the February 27, 2024, hearing as the court took the matter under advisement. ***See*** N.T., 2/27/24, at 3.

- 11 -

Even assuming, *arguendo*, Appellant is correct, we note that, aside from developing arguments in his appellate brief regarding the procedural irregularities in this case, Appellant has developed no coherent argument related to the substantive issue.  That is, aside from arguing he should be permitted to appeal *nunc pro tunc* from the court's March 4, 2024, order denying his first PCRA petition (entitled "Motion to Correct State Commitment Form DC300B"), Appellant has not explained how he is entitled to relief on his claim that the trial court erred in determining his credit for time served when it revoked his probation. Rather, Appellant summarily states that, but for all the reasons he was prevented from appealing timely from the March 4, 2024, order, "he could receive credit for time served of close to a year." Appellant's Brief at 37.

As our Supreme Court has recognized:

> [R]egardless of whether a particular claim implicates the legality of a sentence, it is well settled that an appellant bears the burden of sufficiently developing his arguments to facilitate appellate review. ***See Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2014). "[O]ur rules of appellate procedure are explicit that the argument contained within a brief must contain 'such discussion and citation of authorities as are deemed pertinent.'" ***Id.***, *quoting* Pa.R.A.P. 2119(a). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him." ***Banfield v. Cortés***, 110 A.3d 155, 168 n.11 (Pa. 2015) (alteration in original)[.] Indeed, we are neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. The Court is left to guess at the actual complaint that is intended by the party.

***Commonwealth v. Armolt***, 294 A.3d 364, 376-77 (Pa. 2023) (citations, quotation marks, and quotations omitted).

Accordingly, for all of the aforementioned reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/20/2026